**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRIAN R. FLAVEN et al.,<br><br>　　　　　Defendants. | 3:13-cr-00104-RCJ-VPC<br><br>**ORDER** |

A grand jury has indicted Defendants Brian R. Flaven ("Defendant") and Anthony J. Perrotta and Steven Presley (collectively, "Codefendants") for conspiracy to possess less than 50 kilograms of marijuana with intent to distribute, possession of less than 50 kilograms of marijuana with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. (*See* Superseding Indictment, ECF No. 28). Fourteen motions and joinders are pending before the Court. Motions and Joinders Nos. 55, 56, 57, 58, 61, 64, 65, 66, and 67 are moot, because those motions and joinders are Codefendants' alone, and the Court has conditionally accepted Codefendants' pleas of guilty. (*See* Mins., ECF Nos. 91–92). The motions and joinders filed by Defendant are: (1) Motion to Suppress (ECF No. 59); (2) Joinder to Motion for Notice of Intent to Introduce Evidence Under Evidence Rule 404(b) (the "404(b)

Notice") (ECF No. 62); (3) Joinder to Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Agents and Federal Task Force Officers (the "*Henthorn* Motion") (ECF No. 63); (4) Joinder to Motion to Preclude Alleged Statements from Codefendants to Law Enforcement that Violate *Bruton*, or, in the Alternative, Motion to Sever ("the *Bruton* Motion") (ECF No. 68); and (5) Joinder to Motion for Pre-Trial *Brady* Information (the "*Brady* Motion") (ECF No. 69).

I.  **MOTION TO SUPPRESS**

Evidence obtained by the Government in violation of the Fourth Amendment is generally inadmissible against an accused in a federal criminal trial. *Weeks v. United States*, 232 U.S. 383, 393–99 (1914).  Defendant asks the Court to exclude under the Fourth Amendment all evidence obtained as a result of the traffic stop on September 24, 2013 at Exit 23 of Interstate 80 east of Sparks, Nevada.

Defendant first argues that there was a seizure under the Fourth Amendment when Deputy Wood of the Washoe County Sheriff's Office ("WCSO") signaled him to pull over to the side of the road and stop by means of their lights and/or siren and Defendant complied. *See United States v. Ward*, 488 F.2d 162, 169 (9th Cir. 1973) (en banc).  The Government does not appear to deny that a seizure occurred under the Fourth Amendment.

Defendant next argues that there was no objectively reasonable basis to initiate the traffic stop.  A traffic stop is reasonable under the Fourth Amendment so long as the officer has at least reasonable suspicion for believing a defendant has violated the traffic code, regardless of any subjective motivations the officer may have. *United States v. Willis*, 431 F.3d 709, 714 (9th Cir.

2005) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996); *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *United States v. Lopez–Soto*, 205 F.3d 1101, 1104–05 (9th Cir. 2000)). Defendant argues that the video evidence available shows no objective basis for a traffic stop, and that Defendant in fact signaled before changing lanes. The Government responds that Deputy Wood witnessed Defendant change lanes without signaling before the video began because WCSO patrol cars only begin video and audio recording once the car's lights and sirens are activated.

Defendant next argues that even if he had changed lanes without signaling, that would not be an objective basis for a traffic stop, because Nevada law does not make changing lanes without signaling a per se violation of the traffic code. The Court rejects this argument. Because "the ultimate touchstone of the Fourth Amendment is reasonableness," an objectively reasonable mistake of law is no basis for exclusion under the Fourth Amendment. *Heien v. North Carolina*, 135 S. Ct. 530, 536–540 (2014). The Nevada Revised Statutes ("NRS") can be reasonably read to require a signal for a lane change on a highway. *See* Nev. Rev. Stat. § 484B.413(2) ("A signal of intention to turn right or left, or otherwise turn a vehicle from a direct course, shall be given continuously during not less than the last 100 feet traveled in a business or residential district and not less than the last 300 feet traveled in any other area prior to changing the course of a vehicle. This rule shall be observed, regardless of the weather."). Defendant's argument that only subsection (1)—which does not require a signal unless another vehicle may be affected by the movement, but only "reasonable safety"—governs lane changes is unpersuasive, because subsection (1), like subsection (2), does not govern "lane changes" but "turn[ing] a vehicle from

a direct course." *Compare id.*, *with id.* § 484B.413(1).  Although the ambiguity in the statute might favor Defendant in the context of a citation for an illegal lane change due to the rule of lenity, the ambiguity favors the Government in the context of a Fourth Amendment challenge. *See Heien*, 135 S. Ct. at 536–540.  In any case, even before *Heien* the Court of Appeals had found that a police officer had probable cause to stop a vehicle under the statute for failing to signal when changing lanes, even without evidence of any other nearby vehicles. *See United States v. Dulaney*, 299 Fed. Appx. 622, 623 (9th Cir. 2008).  Moreover, the Government claims that there was another vehicle affected by the movement: a Jeep Cherokee with a U-Haul trailer that Defendant passed before turning into that vehicle's lane.  If shown at the evidentiary hearing, that fact would foreclose Defendant's argument even under his own proffered interpretation of the statute.

Defendant next argues that the order to exit the vehicle was the result of an illegal traffic stop.  This argument stands or falls on whether there was in fact an objectively reasonable basis to believe Defendant had changed lanes without signaling.  The Court cannot rule on that factual issue before the evidentiary hearing.

Finally, Defendant argues that his consent to search the vehicle was involuntary.  The Government must prove voluntariness by a preponderance of the evidence according to five factors: "(1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was notified that she had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained." *United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002).  The

Government has not responded to this argument. The Court cannot make a determination before the evidentiary hearing.

## II.     404(b) NOTICE

Defendant asks the Court to order the Government to provide reasonable notice in advance of trial (specifically, 21 days) of the general nature of any other crimes, wrongs, or acts evidence to be offered against Defendant for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Fed. R. Evid. 404(b). The Government responds that the standard is reasonable notice, not 21 days. That is correct, but the Government neither offers any alternative timeline nor identifies any good cause for withholding any such evidence until trial. Rather, it argues that it should not be precluded from using otherwise admissible 404(b) evidence that it discovers within 21 days of trial so long as it gives Defendant reasonable notice of its intent to use the evidence.

The Court grants the motion in part. The Government shall, no later than 21 days before trial, disclose any 404(b)-type evidence it intends to offer at trial. Thereafter, the Government shall diligently disclose any newly discovered 404(b)-type evidence it intends to introduce. These requirements are of course subject to the good cause exception, an issue the Government may, at the risk of exclusion, wait until trial to litigate if it wishes. In other words, undisclosed 404(b)-type evidence will not be automatically excluded at trial, but the Government will have to convince the Court there was good cause not to disclose it before trial.

///

///

### III.   *HENTHORN* MOTION

Defendant asks the Court to order the Government to inspect and produce the personnel files of all federal officers it intends to call as witnesses at trial.  When a Defendant requests access to the personnel files of testifying officers for the purposes of identifying exculpatory information, i.e., impeachment information, the Government must review the files itself, disclose any information favorable to the defense, and submit any information the materiality of which the Government is uncertain to the Court for *in camera* review. *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991) (citing *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984)).  A defendant has no burden to make an initial showing of materiality; the *Henthorn* procedure is triggered by a mere demand. *Id.* at 31.  The attorney assigned to a case need not personally review the files, however. *See United States v. Jennings*, 960 F.2d 1488, 1491–92 & n.3 (9th Cir. 1992).  The Government responds that it has requested from the relevant agencies any *Henthorn* material as to the officers it intends to call as witnesses at trial and that it will disclose any such material it discovers.  The Court denies the motion.

### IV.   *BRUTON* MOTION

An out-of-court confession by a co-defendant that incriminates a defendant cannot be admitted at a joint trial, because the defendant cannot examine a co-defendant against his will under the Fifth Amendment, thereby frustrating the defendant's confrontation rights under the Sixth Amendment. *See generally Bruton v. United States*, 391 U.S. 123 (1968), *abrogated in part by Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  In this case, because Codefendants have pled guilty and will have been convicted and sentenced before Defendant's trial, they will

no longer be defendants, and Defendant will presumably be able to cross-examine them at trial should the Government seek to introduce any statements they made that incriminate Defendant. The Court therefore denies the motion as moot.

## V.     *BRADY* MOTION

Defendant asks the Court to order the Government to produce any exculpatory evidence in its possession, including evidence tending to impeach the Government's witnesses. *See generally Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Defendant asks the Court to order the Government to disclose 34 categories of information. The Government responds that the motion is moot, because it has disclosed any such information and intends to timely disclose any newly discovered such information. The Court denies the motion.

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Motions and Joinders Nos. 55, 56, 57, 58, 61, 64, 65, 66, and 67 are DENIED as moot.

IT IS FURTHER ORDERED that the parties shall CONFER and CONTACT chambers to arrange a mutually agreeable time for an evidentiary hearing on the Motion to Suppress (ECF No. 59).

IT IS FURTHER ORDERED that the Joinder to Motion for Notice of Intent to Introduce Evidence Under Evidence Rule 404(b) (ECF No. 62) is GRANTED IN PART.

IT IS FURTHER ORDERED that the Joinder to Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Agents and Federal Task Force Officers (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that the Joinder to Motion to Preclude Alleged Statements from Codefendants to Law Enforcement that Violate *Bruton*, or, in the Alternative, Motion to Sever (ECF No. 68) is DENIED as moot.

IT IS FURTHER ORDERED that the Joinder to Motion for Pre-Trial *Brady* Information (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge